**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GABRIELLE WARREN by her Next Friend | ) | |
| DARLENE WARREN and DARLENE | ) | |
| WARREN, as Next Friend and Special | ) | |
| Administrator of JEANNETTA MCDOWELL, | ) | |
| deceased, | ) | 09 C 3512 |
| Plaintiffs, | ) | Honorable Judge |
| | ) | Robert Dow |
| vs. | ) | |
| | ) | |
| SHERIFF OF COOK COUNTY THOMAS | ) | |
| DART, in his official and individual capacity, et. al.) | | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

NOW COME DEFENDANTS Sheriff Of Cook County THOMAS DART AND COOK COUNTY,  by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her Assistant State's Attorney, Romano D. DiBenedetto, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (FRCP), move this court to dismiss Plaintiff's First Amended Complaint ("Complaint") against them. In support, Defendants state as follows:

## INTRODUCTION AND FACTS

Plaintiff, through a "Special Administrator" asserts that she represents a minor Gabrielle Warren who claims that her mother/decedent Jeannetta McDowell died in the custody of the Cook County Department of Corrections. The predominant issue offered in the pleading to give notice of liability is the alleged failure to deliver medical care. It is upon this issue that all the intertwined Federal and state law claims depend.

The Complaint alleges the following facts and inferences, taken as true only for purposes of this motion under Rule 12 (b)(6): Jurisdiction is found in a Federal question

1

raised by Section 1983 for failure to provide adequate medical care [Complaint ¶ 1-2] and for violations of State Law. On June 6, 2008, Plaintiff's decedent was arrested [Complaint ¶ 14]. While initially held on June 6, 2008 by law enforcement personnel, they took her purse, which contained asthma inhalers [Complaint ¶ 16]. Plaintiff's decedent died in her cell at the Cook County Jail on June 9, 2008 while detained as a pretrial prisoner [Complaint ¶ 19]. At the time of death she did not have an asthma inhaler and did not have one issued by the jail [Complaint ¶ 20]. She died from bronchial asthma [Complaint ¶ 24]. The Defendants are alleged to have denied Plaintiff's decedent adequate medical care, which proximately caused her death [Complaint ¶ 23].

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). But, Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S.    , 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal because "as the Bell Atlantic Court explained, it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, Id. at 1968-69, by providing allegations that "raise a right to relief above the speculative level," Id. at 1965. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 777 (7th Cir. Ill. 2007). Pendant jurisdiction is asserted over State law claims based sounding in tort based on medical negligence and asserted on the facts outlined above

including Negligence; Wrongful Death; Survival Action; Intentional Infliction of Emotional Distress.

**ARGUMENT**

**I.  Count I Must Be Dismissed for Failure to Meet the Pleading Requirements for a Deliberate Indifference Claim**

The burden of identifying a specific constitutional right flows from the fact that § 1983 "is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere." *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir.1997). Thus, "the initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated." Id., citing *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To be deliberately indifferent, a defendant "must know of the serious risk to the  prisoner's health, i.e., the serious medical need at issue, and they must also consciously disregard that risk/need so as to inflict cruel and unusual punishment upon the prisoner." *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006).

The complaint alleges that arresting officers removed asthma inhalers from the possession of the Plaintiff's decedent McDowell upon arrest by taking her purse, which had two asthma inhalers in it [Complaint ¶ 16]. Then Plaintiff alleges McDowell died a few days later [Complaint ¶ 19] from asthma [Complaint ¶ 24] because Defendants failed to provide McDowell access to medical care [Complaint ¶ 23]. This is insufficient to state a claim, but only offers labels and conclusions.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading

standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do. 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (U.S. 2009).  Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not

4

bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Since the Complaint pleads only a temporal statement that death occurred shortly after McDowell entered the Cook County Department of Corrections it is insufficient to state a claim for deliberate indifference. Again, to be deliberately indifferent, a defendant "must <u>know</u> of the serious risk to the  prisoner's health, i.e., the serious medical need at issue, and they must <u>also consciously disregard that risk/need</u> so as to inflict cruel and unusual punishment upon the prisoner." *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). Neither of these elements is contained in the pleading.

Despite the absence of any knowledge by the named Defendants of McDowell's medical needs for asthma inhalers, Paragraph 35 of the complaint is a prime example of a formulaic recitation of legal conclusions raising less than the possibility that any defendant has acted unlawfully. The allegations of paragraph 35 seem to suggest that

the death was not the deliberate indifference of any officer of medical staff member, but rather is the result of an alleged "atmosphere of encouraging medical needs are disregarded" or "a failure to provide medical treatment at night" or " a failure to have a plan to move detainees upstairs" or failure to adequately staff" or "failure to review detainee medical requests" or failure to adequately staff" or "failure to adequately assess incoming detainees" or "falsifying reports." Indeed, no connection is made between the removal of asthma inhalers by arresting officers and the preceding set of legal conclusions.

Wherefore Defendants ask this court to enter an order dismissing the Federal claims for failure to state a cause of action upon which relief may be granted.

## II.     State Law Counts II through V Must Be Dismissed For Failure To Include An Affidavit and Certificate Of Meritorious Grounds

In *Chadwick v. Al-Basha,* 295 Ill. App. 3d 75, 692 N.E.2d 390, 393 (Ill. App. Ct. 1998) the Court held that "the question of whether the plaintiff's complaint requires a section 2-622(a) affidavit is therefore answered by determining whether, after accepting the plaintiff's allegations are true, the damages the plaintiff seeks to recover were caused by the defendant's 'malpractice'". Plaintiff complains that delivery of medical care was inadequate [see Complaint Count I]. Count II likewise asserts a failure to provide sufficient or timely medical treatment [Complaint ¶ 41]. Count III alleges McDowell was incarcerated for three days without medical treatment for asthma [Complaint ¶ 47]. Count IV Alleges a lack of medical care [Complaint ¶ 53]. Count V alleges negligence through violation of duty to provide proper medical treatment [Complaint ¶¶ 56-58]. Each of these counts essentially alleges healing art malpractice against Cook County employees.

Pursuant to 735 ILCS 5/2-622 (hereafter "Malpractice Act"), every action in tort where plaintiff seeks damages for injuries by reason of medical, hospital, or other healing art malpractice, the complaint must include an affidavit and report issued by a medical expert.   Section §2-622(1) provides that after reviewing defendant's medical record, the expert's report must set forth "reasonable and meritorious grounds for filing such an action."   Section §2-622(1) also provides that the medical professional must be knowledgeable in the medical issues related to the action, has taught or practiced medicine within the last 5 years in a field related to the cause of action, and meets the expert witness standards set forth in §8-2501(a)-(d).   The expert must attach his personal information and professional credentials to the affidavit.

At the time she filed the complaint, Plaintiff failed to submit the requisite affidavit and report.   Plaintiff filed her complaint on June 9, 2008 alleging medical negligence. She has not submitted a supplemental affidavit from a medical expert giving the basis for his action.   Furthermore, at no time during the aforesaid proceedings did Plaintiff request an extension for time to file the required affidavit.   Pursuant to §2-622(g), Plaintiff's failure to comply with the procedural requirements gives the court grounds for summary judgment in Cook County's favor under §2-1005.

Under the Illinois Code of Civil Procedure, in a medical negligence case in which a plaintiff seeks to recover damages from injuries sustained due to medical malpractice, that plaintiff must attach a report from a qualified health professional stating that she or he has reviewed the medical records and believes that the plaintiff has a reasonable and meritorious cause to file the action. 735 Ill. Comp. Stat. 5/2-622(a)(1) (West 2008); *Hobbs v. Lorenz*, 337 Ill. App. 3d 566, 786 N.E.2d 260, 263, 271 Ill. Dec. 1002

(Ill.App.Ct. 2003). "Under section 2-622(a)(2) of the Code, an affidavit must be provided, stating that the report cannot be procured prior to the expiration of the limitations period, in which case the plaintiff is given 90 days to procure and file the requested documents." *Hobbs,* 786 N.E.2d at 263. Next, "[u]nder section 2-622(a)(3) of the Code, the affidavit must state that counsel has made a request for records pursuant to section 8-2001 of the Code (735 ILCS 5/8-2001 (West 2000)), and that the party to whom the request was made failed to comply within 60 days, whereupon the plaintiff is granted 90 days from the time the records are received to file the required report." *Hobbs*, 786 N.E.2d                                    at                                    263.

If a plaintiff does not comply with section 2-622, the trial court may in its discretion dismiss the complaint <u>with prejudice</u>. *McCastle v. Sheinkop*, 121 Ill. 2d 188, 520 N.E.2d 293, 117 Ill. Dec. 132 (Ill. 1987). The Illinois courts liberally construe section 2-622 so that plaintiffs do not lose substantive rights merely because they have not strictly complied with the statute. *Hobbs*, 786 N.E.2d at 263, but the court determines whether to allow amendment of the complaint and grant additional time to comply with section 2-622.

Pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), if this Court finds that § 2-622 is a substantive law -- this Court is required to apply that state law, regardless of the jurisdictional basis for the case. See *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis*, 806        F.2d        146,        149-50        (7th        Cir.        1986).

Although it has not been explicitly stated, there has been clear language from the Seventh Circuit accepting, without question that section 2-622 applies to medical

malpractice claims filed in federal court in Illinois. See *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). The message of Sherrod is that federal courts should apply section 2-622 to medical malpractice claims, and should continue to do so in this case, consistent with other district Courts. [see *Winfrey v. Walsh*, 2007 U.S. Dist. LEXIS 93737, 2007 WL 4556701, at *1 (C.D. Ill. 2007), *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1046 (C.D. Ill. 2008).

In *Chapman v. Chandra*, No. 06-CV-0651-MJR, 2007 U.S. Dist. LEXIS 40739, 2007 WL 1655799, at *3 (S.D. Ill. June 5, 2007) the District Judge cited cases showing that the vast majority of Illinois federal courts to consider this question have decided in favor of applying the statute, citing *Ibscher v. Snyder*, 2003 U.S. Dist. LEXIS 12507, 2003 WL 21696197 (N.D.Ill. 2003)(dismissing two medical malpractice counts for plaintiff's failure to comply with § 2-622); *Smith v. Gottlieb*, 2002 U.S. Dist. LEXIS 13313, 2002 WL 1636546 (N.D. Ill. 2002)(applying § 2-622 to dismiss medical malpractice cause of action before court on basis of diversity jurisdiction); *Wilson v. Formigoni*, 1992 U.S. Dist. LEXIS 17584, 1992 WL 345399 (N.D. Ill. 1992)(finding that § 2-622 is "substantive" and not "procedural," and dismissing three medical malpractice counts in § 1983 cause of action for plaintiffs failure to comply with § 2-622's requirements); *Landstrom v. Illinois Dep't of Children & Family Services*, 699 F. Supp. 1270 (N.D. Ill. 1988), affirmed 892 F.2d 670 (7th Cir. 1990)(dismissing a pendent medical malpractice count in § 1983 case for plaintiff's failure to comply with § 2-622); *Thompson v. Kishwaukee Valley Medical Group*, 1986 U.S. Dist. LEXIS 19587, 1986 WL 11381 (N.D.Ill. 1986)(holding plaintiff's failure to comply with § 2-622 requires dismissal                    in                    federal                    court).

Moreover, in addition to *Lingle*, District Courts have applied § 2-622 in order to dismiss pendent medical malpractice claims that were included in causes of action before the Court on the basis of federal question jurisdiction. See, e.g., *Bommersbach v. Ruiz*, 461 F. Supp. 2d 743 (S.D. Ill. 2006)(concluding that § 2-622 constitutes state substantive law for the purpose of the Erie doctrine); *Salsman v. United States of America*, 2005 U.S. Dist. LEXIS 18072, 2005 WL 2001320 (S.D. Ill. 2005)(finding that § 2-622 is an Illinois substantive law).

Under Illinois law, plaintiffs alleging that an individual defendant committed medical malpractice must consult with a "health professional licensed in the same profession, with the same class of license, as the defendant." 735 ILCS 5/2-622(a)(1). The plaintiff's attorney must attest in a separate affidavit that the health professional "is knowledgeable in the relevant issues involved in the particular action" and "practices or has practiced within the last 5 years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action." Id. A plaintiff then must attach to the complaint a report prepared by the reviewing health professional that "clearly identif[ies] the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for filing of the action exists . . . ." Id.  [see *Maldonado v. Sinai Med. Group, Inc.*, 2008 U.S. Dist. LEXIS 3262 (N.D. Ill. Jan. 16, 2008).

Under Illinois law, if Section 2-622's filing requirement has not been satisfied, dismissal is mandatory, but courts have discretion to dismiss with or without leave to amend. *Lingle*, 223 F.3d at 613; *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.,* 121 Ill. 2d 188, 520 N.E.2d 293, 295, 117 Ill. Dec. 132 (Ill. 1987) (the decision to dismiss a claim

for medical malpractice with or without prejudice for failure to comply with § 2-622 is left to the sound discretion of the Court). "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Lingle,* 223 F.3d at 614 (quoting *Cammon v. West Suburban Hosp. Med. Ctr.*, 301 Ill. App. 3d 939, 704 N.E.2d 731, 739, 235 Ill. Dec. 158 (Ill.App.Ct. 1998)). Obviously, a claim for "failure to treat serious medical condition" requires mention of a medical condition or a failure to treat such medical condition. Such a claim requires "acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). The Complaint is silent on the objective and subjective elements of a deliberate indifference claim.

In this matter, the above-argued point regarding section 2-622 had been argued (see docket 13); and the Court allowed Plaintiff an opportunity to amend the complaint (see docket 29), even granting an oral request for an extension of time for filing the amended complaint (see docket 30). Nonetheless, the amended complaint the Plaintiff ultimately filed still does not comport with the pleading requirements of the law. Therefore, the Counts II and V should be dismissed with prejudice for failure to comply with section 2-622.

## II. State Law Counts II through V Must Be Dismissed Based on Statutory Immunity

The Tort Immunity Act protects Cook County Jail's medical and correctional personnel from liability for failure to diagnose and treat a physical illness, stating:

> 745 ILCS 10/6-105.  Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purposes of determining whether such person has a disease or a physical or mental condition that would constitute a hazard to the health or safety of himself and others.

The Complaint alleges the death of the McDowell temporally corresponds within days, her entry into the Cook County Jail. The allegations upon which liability for the Wrongful Death, the Survival Action and Intentional Infliction of Emotional Distress Claim is based involve a failure to make or to make an adequate physical examination to determine whether a condition constituted a hazard to the health of McDowell. On this basis the claims must fail. The public entities County of Cook and Sheriff of Cook County are absolutely immune for any such failure to examine or sufficiently examine Plaintiff's decedent.

In addition, the statute provides immunity for failing to diagnose that McDowell was afflicted with illness. Section 6-106 provides:

> 745 ILCS 10/6-106(a).  Neither a local public entity nor public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction. (Emphasis supplied)

Illinois Appellate Court upheld the Tort Immunity defense for a doctor's failure to diagnose a patient with a pulmonary embolism that caused decedent's death.  *Mabry v. County of Cook,* 315 Ill. App. 3d 42, 733 N.E.2d 737 (1st Dist. 2000).  The court reasoned that the decedent's claim could only establish liability for defendant doctor's negligent treatment of a known physical illness, not for failing to discover and properly

12

diagnose the illness.  *Id* at 55. The State Law allegations against medical personnel must fall pursuant to these sections.

Plaintiff frequently inserts the conclusory terms "willful and wanton conduct" into the claims. Neither §6-105 or §6-106 contain exceptions for willful and wanton conduct, so allegations of willful and wanton conduct don't overcome the absolute immunity available for the tort claims alleged here.

Even if the Court determines that these two immunities do not protect the Sheriff in whose custody McDowell was placed, the statute also defines "willful and wanton conduct" as "a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210 (West 2004). None of the allegations permit an inference constituting the requisite mental state for a tort of willful and wanton negligence.  The definition of "deliberate indifference" under federal constitutional law is essentially the same as the definition of "willful and wanton" disregard under the Illinois Local Governmental and Governmental Employees Tort Immunity Act. See *Bragado v. City of Zion/Police Dept.,* 788 F. Supp. 366, 372 (N.D. Ill. 1992). There must be some allegation of knowledge for application of both theories of liability. The complaint is silent on any such requisite knowledge therefore it must be dismissed.

### III. State Law Counts VI and VII Must Be Dismissed Where No Predicate Claim Survives

Counts Six and Seven allege the County is liable under a theory of Respondeat Superior and also liable for indemnification. It is well established in *Moy v. County of*

*Cook,* 244 Ill. App. 3d 1034, 185 Ill. Dec. 131, 614 N.E.2d 265 (1993), that the county is not vicariously liable for the sheriff's alleged negligence in operating the jail because the Sheriff is an independently elected Constitutional Officer and not subject to the direction of the County on either his operations or the conduct of his employees. Therefore this claim fails as a matter of law in so far as it attempts to hold the County of Cook liable for the acts of omissions of the sheriff or his deputy Sheriffs. Additionally, where all the other claims fail, there is no judgment for which the County must indemnify.

**WHEREFORE**, for the foregoing reasons, Defendant Sheriff Thomas Dart and Defendant County of Cook respectfully request that the Court dismiss Plaintiff's claim of liability against them as set out in Count I-VII of the Complaint, maintain the County as a party defendant solely for indemnification purposes for a properly entered judgment, and enter such other relief as the Court may deem necessary and appropriate.

Respectfully Submitted,
ANITA ALVAREZ
State's Attorney of Cook County

By:  /s/ Romano D. DiBenedetto
Romano D. DiBenedetto, A.S.A  #6220301
Richard J. Daley Center
50 W. Washington Street, Room 500
Chicago, IL 60602
(312) 603-3473