**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GABRIELLE WARREN by her Next Friend DARLENE WARREN and DARLENE WARREN, as Next Friend and Special Administrator of JEANNETTA MCDOWELL, deceased, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | 09 C 3512 |
| SHERIFF OF COOK COUNTY THOMAS DART, in his official and individual capacity, et al., ) ) ) ) ) | Honorable Judge Robert M. Dow, Jr. |
| Defendants. ) | |

**NURSE DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

NOW COME DEFENDANTS Nurse Bettre Barnes, Nurse Pearson, Nurse Mohammed, Nurse Hunter, Nurse Vaughn, Nurse McDonald, Nurse Sampson, Nurse Smith and Nurse Morris ("the Nurse Defendants"), by and through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her Assistant State's Attorneys Kent S. Ray and Patrick Smith, and in reply to Plaintiff's brief in response to Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, state as follows:

1. **Plaintiffs' § 1983 Claim Against Nine Nurses in Their Personal Capacity Lacks Sufficient Factual Matter to State a Claim that is Plausible on Its Face.**

Plaintiffs' suit originated as a Section 1983 cause of action, with pendant state claims, against the Sheriff of Cook County and unknown officers, supervisors and employees relating to the unfortunate death of a pre-trial detainee at the Cook County Jail who was undergoing heroin withdrawal. Nine months after the filing of the original complaint, Plaintiffs filed their First

1

Amended Complaint, adding as defendants <u>thirty-two</u> employees of the Sheriff's Office and Cermak Health Services. Among these thirty-two new defendants are nine nurses who work at Cermak Health Services and who are included in the First Amended Complaint without any factual allegations as to the supposed involvement of each in the death of Plaintiffs' decedent or any differentiation of their roles, if any, in the alleged Constitutional violation. The First Amended Complaint contains no new allegations as to the new Defendants' alleged wrongful actions other than the mere conclusions that were contained in Plaintiffs' original Complaint.

Plaintiffs' response, that the First Amended Complaint satisfies the pleading requirements under Rule 8, relies primarily on older decisions and fails to take into account the more recent decision of the United States Supreme Court and the decisions of the courts within this Circuit. The standard for addressing the sufficiency of a complaint in the face of a Rule 12(b)(6) motion is clear:

> To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief . . ., such that the defendant is given 'fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(*quoting Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, . . . 129 S. Ct. 1937, 1949 (2009)(*quoting Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

*Watson v. Bush*, 2010 U.S. Dist. LEXIS 38569 at *5-6 (N.D. Ill. April 20, 2010)(some citations omitted).

In *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009), the United States Court of Appeals for the Seventh Circuit dismissed a Section 1983 claim against individual defendants. As the court noted, "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional violation." *Id.* at 580 (*quoting Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986)). In *Brooks,* the Seventh Circuit concluded that facts pleaded against some of the individual defendants were "too vague to provide notice to defendants of the contours of his § 1983 claim." *Brooks*, 578 F.3d at 581-82. And while the court found that the complaint alleged personal involvement and unlawful conduct as to the remaining individual defendants, it still found the complaint deficient as it was a mere "formulaic recitation of the cause of action and nothing more [and did] **not put the defendants on notice of what exactly they might have done to violate [the plaintiff's] rights** . . . ." *Id.* at 582 (emphasis added).

In *Tate v. McCann*, 2010 U.S. Dist. LEXIS 6151 (N.D. Ill. Jan. 26, 2010)(Dow, J.), the Court denied a motion to dismiss filed on behalf of individual Illinois Department of Corrections officials. The complaint in *Tate* asserted that prison officials were deliberately indifferent to concrete threats to the plaintiff's safety and that the plaintiff suffered assaults that resulted from the defendants' inaction. In denying the motion to dismiss, the Court found that the complaint made "specific fact based allegations" with respect to each of the individual defendants from which the Court could conclude that the stated deliberate indifference claim was plausible. *Id.* at *15-20. For example, the allegations against one defendant asserted that the plaintiff had personally and repeatedly made the defendant aware of specific verbal and written warnings against the plaintiff's safety and that the defendant took no action to protect the plaintiff from violence. *Id.* at *15-16. The allegations against another defendant included specific statements as to the job responsibilities and actions of the defendant that resulted in the plaintiff being

placed in the same cell as the men who assaulted him. *Id.* at *17-18. The Plaintiff in *Tate* also specifically alleged that a prison medical employee was aware that the plaintiff suffered a serious injury and did nothing with respect to that injury for over three months. *Id.* at *18-19.

In contrast, Plaintiffs' First Amended Complaint contains no such allegations with respect to any of the Nurse Defendants that could put them on notice as to what each might have done to violate the decedent's rights. Instead, the First Amended Complaint contains conclusions and blanket generalizations that are attributed to all Defendants, regardless of their status as correctional officers, supervisors or nurses (all Defendants contributed to the decedent's death through their actions and omissions (¶ 12); all Defendants failed to provide medical care (¶ 23); all Defendants consciously disregarded or ignored the decedent's needs (¶¶ 30, 31)). There are no allegations here, as there were in *Tate*, that identify why each Defendant is named in this suit. There are no allegations that one or more of the Nurse Defendants had actual knowledge (or even reason to know) of the decedent's alleged condition. There are no allegations of what actions each Nurse Defendant failed to take in response. In sum there is no substantive allegation of personal involvement as to any of these nurses.

Instead, Plaintiffs apparently named any nurse they could find on the property on the day of the decedent's death and lumped them all together in the First Amended Complaint without regard to their actual actions or inactions. Even accepting the allegations of the First Amended Complaint as true for purposes of this motion, it fails to assert facts with respect to the Nurse Defendants that would entitle Plaintiffs to relief and therefore does not meet the standards of Rule 8(a) of the Federal Rules of Civil Procedure. For this reason Count I should be dismissed.

**2. The State Law Claims in Counts II Through V Against the Nurse Defendants Are Causes of Action for Healing Art Malpractice and Must Be Dismissed for Plaintiffs' Failure to Provide an Affidavit and Certificate of Meritorious Grounds.**

Defendants' Motion to Dismiss Counts II through V rests in part on Plaintiffs' failure to meet the pleading requirements for bringing a claim for healing art malpractice under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-622 ("§ 2-622"). In their Motion to Dismiss, Defendants assert that Counts II through V sound in healing art malpractice because they each allege that the Defendants provided decedent with inadequate medical care. As a condition to bringing a cause of action for healing art malpractice, however, Illinois law requires that an affidavit and report from a medical expert be attached to the complaint attesting that the suit is supported by "reasonable and meritorious grounds." 735 ILCS § 5/2-622(1). Plaintiffs attached no such report to their original Complaint, did not attach it to the First Amended Complaint and have not requested additional time to supplement the required documentation. Additionally, Defendants in their Motion pointed to a number of prior decisions from the Northern District of Illinois in which Section 2-266 was the basis for dismissing healing art malpractice claims asserted in federal court, including some asserted in Section 1983 cases. (Motion at 9-10.)

Plaintiffs caption Count II of the First Amended Complaint "Wrongful Death," Count III "Survival", Count IV "Intentional Infliction of Emotional Distress" and Count V "Negligence." Plaintiffs respond to the Motion to Dismiss to the effect that Counts II through V are not healing art malpractice claims because they claim that the mere inclusion of the conclusory phrase "willful and wanton" with respect to each count takes them out of the requirements of Section 2-622. (Plaintiffs curiously assert that even Count V, "Negligence," is in reality a "willful and wanton" claim.)

5

The Nurse Defendants are in this action for their alleged failure to provide sufficient medical care to the decedent. (Complaint at Count II (¶ 41(a)[1]); Count III (¶ 23, incorporated by reference); Count IV (¶ 53); and Count V (¶ 58). Each of Counts II through V of the First Amended Complaint asserts that the decedent's death resulted from the unspecified professional actions or inaction of these nurses, in their role as health care providers.

In *Walker v. Dart*, 2008 U.S. Dist. LEXIS 32839 (N.D. Ill. April 18, 2008)(Guzman, J.), the court dismissed state law claims against a number of Cook County doctors relating to the death of an inmate in a Cook County jail. In that case, the plaintiff provided an expert certification in an attempt to comply with Section 2-622, but it did not indicate the involvement of the health care providers in the actions that allegedly resulted in the plaintiff's decedent's death. Because the certificate was found not to comply with Section 2-622, the claims were dismissed. *Id.* at * 10-11; *see also Smith v. Gottlieb*, 2002 U.S. Dist. LEXIS 13313 (N.D. Ill. July 22, 2002)(Reinhard, J.)(holding that the certification requirement of Section 2-622 applies to claims filed in federal court). Federal courts have considered Section 2-622 as substantive state law that must be applied in federal suit. *Gottlieb*, 2002 U.S. Dist. LEXIS at * 3; *accord Ibscher v. Snyder*, 2003 U.S. Dist. LEXIS 12507, *19 (N.D. Ill. July 18, 2003)(Mahoney, M.J.). Section 2-622(g) mandates dismissal of an action for a plaintiff's failure to file an affidavit and report in conformance with the rules. 735 ILCS 5/2-266(g).

Counts II through V of the First Amended Complaint are, in their essence, healing art malpractice claims against the Nurse Defendants and Plaintiffs' failure to meet the requirements of Section 2-622 after being granted an opportunity to amend the complaint should result in dismissal of those counts.

---

[1] Paragraph 41(b) though (e) are not even directed to the Nurse Defendants, as they relate to the decedent's alleged treatment in the jail. Paragraph 41(f) is a vague conclusion of law that is insufficient for the reasons discussed in section 1 of this brief.

**3. The Nurse Defendants Are Entitled to Immunity Pursuant to Sections 6-105 and 1-106(a) of the Illinois Tort Immunity Act.**

The Nurse Defendants adopt the reply of the Sheriff of Cook County and Named Defendant Employees with respect to the applicability of the immunities contained in Sections 6-105 (failure to make or to make an adequate physical examination) and 6-106(a) (failing to diagnose) of the Illinois Tort Immunity Act, 745 ILCS 10/6-105 & 10/6-106(a), to the state law claims against the Nurse Defendants.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

        By: /s/ Kent S. Ray
            Kent S. Ray, #6188633
            69 West Washington Street
            Suite 2030
            Chicago, IL 60602
            (312) 603-1427