# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3512 | **DATE** | 9/22/2011 |
| **CASE TITLE** | Warren, et al. vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiffs' motion to reinstate claims against Defendants Barnes, Pearson, Mohammed, Hunter, Vaughn, McDonald, Sampson, Smith, and Morris ("the Nurse Defendants") [89]. For the reasons stated below, the Court grants Plaintiffs' motion and reinstates Counts II-V of the second amended complaint against the Nurse Defendants. The Nurse Defendants have until October 14, 2011 to file an answer as to Counts II-V.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On November 24, 2010, the Court granted the Nurse Defendants' motion to dismiss Counts II-V of Plaintiffs' second amended complaint. [FN 1] The Court found that the pleading requirements set forth in the Illinois Healing Art Malpractice Act ("Malpractice Act" or "the Act"), 735 ILCS § 5/2-622 [FN 2] applied to Plaintiffs' claims against the Nurse Defendants in Counts II-V and that Plaintiffs had not complied with the Act. Accordingly, the Court dismissed Plaintiffs' claims against the Nurse Defendants without prejudice.

> [FN 1] The nurse Defendants moved to dismiss Plaintiffs' first amended complaint, but after the motion to dismiss was filed and before the Court ruled on the motion, Plaintiffs filed a second amended complaint. Because the second amended complaint was not materially different from the first amended complaint, [see 59], the Court applied Defendants' motion to dismiss to the second amended complaint. The nurse Defendants answered Plaintiffs' second amended complaint as to Count I on January 13, 2011.
>
> [FN 2] On February 4, 2010, the Illinois Supreme Court found the 2005 amendments to the Malpractice Act unconstitutional on grounds unrelated to section 5/2-622. See *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895, 914 (2010) (holding Public Act 94-677 unconstitutional in its entirety because it contained a nonseverability provision). "The effect of declaring a statute unconstitutional is to revert to the statute as it existed before the amendment." *Cookson v. Price*, 941 N.E.2d 162, 164 (Ill. 2010). Accordingly, with one minor addition, "the statute now reads as it did when amended in 1989 by Public Act 86-646." *Id*.

Plaintiffs now move to reinstate Claims II-V against the Nurse Defendants. Along with their motion, Plaintiffs filed a declaration from Plaintiffs' counsel and an affidavit and curriculum vitae from their expert,

Jacqueline Moore, R.N., PhD ("Dr. Moore"). The Nurse Defendants oppose Plaintiffs' motion, arguing that Plaintiffs' filing: (1) is too late, and (2) fails to comply with the requirements of the Malpractice Act.

The Malpractice Act provides that in any action for medical malpractice, the plaintiff's attorney must attach to the complaint an affidavit (known as a "certificate of merit") stating that she has reviewed the facts of the case with a health professional "in whose opinion there is a 'reasonable and meritorious cause" for the filing of the action." *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 520 N.E.2d 293, 294 (Ill. 1987) (quoting § 5/2-622(a)(1)). The plaintiff must also attach a copy of the health professional's written report, "clearly identifying * * * the reasons for the reviewing health professional's determination that a reasonable and meritorious" case exists. § 5/2-622(a)(1). Sections 5/2-622(a)(2) and (a)(3) provide for ninety-day extensions of time for the filing of the certificate of merit if the statute of limitations is near expiration or if the plaintiff is having difficulty getting medical records, respectively. See *McCastle*, 520 N.E.2d at 294 (citing § 5/2-622(a)(2)-(3)).

In a case against multiple individual defendants, the plaintiff must file "a separate affidavit and written report * * * as to each defendant who has been named in the complaint." § 5/2-622(b). A single report, however, "may satisfy the requirements of section 2-622 of the Code if it is sufficiently broad to cover multiple defendants, adequately discusses the deficiencies in the medical care rendered by each, and contains reasons in support of the conclusion that a reasonable and meritorious cause exists for the filing of the action as against each of the defendants." *Mueller v. North Suburban Clinic, Ltd.*, 701 N.E.2d 246, 250 (Ill. App. Ct. 1998); see also *Cammon v. West Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 738 (Ill. App. Ct. 1998).

Compliance with section 5/2-622 is mandatory, and failure to file the affidavit and written report in a medical malpractice case "shall be grounds for dismissal * * *." § 5/2-622(g). Nevertheless, the trial court has the discretion to dismiss with or without leave to amend, *McCastle*, 520 N.E.2d at 296, and "a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice." *Cammon*, 704 N.E.2d at 739; *Apa v. Rotman, M.D.*, 680 N.E.2d 801, 804 (Ill. App. Ct. 1997). Illinois courts liberally construe the requirements of section 5/2-622, "so that controversies may be determined according to the substantive rights of the parties." *Mueller*, 701 N.E.2d at 250; see also, *e.g.*, *Apa*, 680 N.E.2d at 804 ("section 2-622 must be liberally construed so that cases may be quickly and finally decided according to the substantive rights of the parties").

Here, while Plaintiffs failed to file the required certificate of merit with their complaint, "a sound exercise of discretion" in this case "mandates" that they be allowed the opportunity to comply with section 5/2-622 before any order dismissing their claims against the Nurse Defendants with prejudice could be contemplated. See *Cammon*, 704 N.E.2d at 739. Plaintiffs' decision not to file a certificate of merit with their complaint was not unreasonable or in bad faith. The Court itself recognized in its order granting the Nurse Defendants' motion to dismiss that "there is some uncertainty as to whether § 5/2-622 of the Malpractice Act applies to state claims filed in federal court." [76 at 17-18.] Once the Court ruled that Plaintiffs must comply with the Act, however, Plaintiffs moved to reinstate their claims and filed the certificate of merit and written report in a timely manner.

Relying on section 5/2-622(a)(2)'s ninety-day extension of time if a plaintiff is nearing the end of a statute of limitations, the Nurse Defendants argue that Plaintiffs only had ninety days from the time they filed their original complaint to submit a certificate of merit. But section 5/2-622(a) is not applicable here. Plaintiffs

| STATEMENT |
|---|

did not ask the Court for an extension of time to file a certificate of merit so they could meet the statute of limitations; their position was that the pleading requirements of the Act did not apply. Thus, to the extent Plaintiffs' motion asks for leave to file a certificate of merit, the Court grants the motion.

Whether the certificate of merit complies with the requirements of the Malpractice Act and, accordingly, whether the Court should reinstate Plaintiffs' claims against the Nurse Defendants, is a separate question. The Nurse Defendants argue that Plaintiffs failed to file a certificate of merit and written report as to each individual Nurse Defendant, that the written report names only three of the nine Nurse Defendants, and that, even as to the three named, the report "fails to identify anything that they allegedly did wrong." [92 at 3.] The Nurse Defendants also contend that Plaintiffs' counsel's affidavit fails to state that Dr. Moore had practiced or taught in the same area of medicine that is at issue here for the requisite number of years.

The Court agrees with the Nurse Defendants that the certificate of merit that Plaintiffs filed along with their motion to reinstate failed to comply with the requirements of the Act. Plaintiffs, however, have cured the critical defects in their filing with the supplemental affidavit and written report attached to their reply brief. *Cf. Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000) ("when the certificate was filed but failed in some technical or minor respect, sound discretion also requires an opportunity to amend"). In Plaintiffs' attorney's supplemental affidavit, she states that she has consulted and reviewed the facts of the case with Dr. Moore, a nurse whom counsel believes is knowledgeable in the standard of nursing care for the treatment of asthma. The affidavit states that Dr. Moore has practiced or taught within the last six years in the area of nursing and that, after reviewing Dr. Moore's report and consulting with her, the attorney believes that there is a reasonable and meritorious case against all nine Nurse Defendants.

In her written report attached to Plaintiffs' attorney's supplemental affidavit, Dr. Moore sets forth her extensive nursing experience. The report identifies McDowell, each of the nine Nurse Defendants, and sets forth the reasons why Dr. Moore believes each did not meet the standard of nursing care in this case. While Plaintiff did not file a certificate of merit and written report for each individual Nurse Defendant as required by the Malpractice Act, the single report is broad enough to cover the acts of all of the Nurse Defendants, discusses the deficiencies in medical care by each nurse, and provides reasons for Dr. Moore's conclusion that "a reasonable and meritorious cause exists for the filing of the action as against each of the defendants." *Mueller*, 701 N.E.2d at 250. That is sufficient to comply with the Act.

For these reasons, Plaintiffs' supplemental certificate of merit and attached written report satisfy the requirements of section 5/2-622. Accordingly, the Court grants Plaintiffs' motion to reinstate Counts II-V of the second amended complaint against the Nurse Defendants [89]. The Nurse Defendants have until October 14, 2011 to answer the allegations in Counts II-V.

*[signature]*