# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3512 | **DATE** | 5/22/2012 |
| **CASE TITLE** | Warren vs. Dart et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' motion [104] to bifurcate and to stay discovery and trial as to Plaintiffs' *Monell* claims. For the reasons set forth below, the motion [104] is respectfully denied. All further discovery supervision and discovery motions will be referred to a magistrate judge.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

In this lawsuit, brought pursuant to 42 U.S.C. § 1983, Plaintiffs allege that Jeannetta McDowell (deceased) was denied adequate medical care while incarcerated at Cook County Jail, in violation of the Fourteenth Amendment. In addition to bringing claims against individual defendants, Plaintiffs allege that Sheriff Dart in his official capacity and Cook County (collectively, the "Municipal Defendants") are liable because McDowell's rights were violated as a result of an official custom or policy. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1976).

Defendants have moved for bifurcation of Plaintiffs' *Monell* claims and to stay discovery and trial on those claims until the claims against the individual defendants are resolved.

## I. Background

According to Plaintiffs' second amended complaint [60], on June 6, 2008, McDowell, a 25-year-old mother of two, was arrested for shoplifting diapers from a local store. She was charged with retail theft and held as a pretrial detainee at Cook County Jail. During McDowell's initial intake, Defendants took all items in her possession, including two asthma inhalers. Defendants became aware during the initial intake that McDowell had a history of cardiac thrombosis and suffered from asthma, for which she needed medication.

The complaint alleges that over the next few days, McDowell complained repeatedly of shortness of breath, lightheadedness, and chest pains. She was visibly in need of urgent medical attention. On June 9, 2008, McDowell died in her jail cell from bronchial asthma. She did not have an inhaler with her at the time. About six weeks later, McDowell's fiancé (the father of infant Plaintiff Gabrielle Warren) committed suicide in connection with his grief over McDowell's death.

Plaintiff Darlene Warren—as next friend and special administrator of McDowell and as next friend of

**STATEMENT**

Plaintiff Gabrielle Warren—thereafter filed a complaint against Cook County and Sheriff Dart, as well as supervisory officials, correctional officers, and nurses employed by the Cermak Health Services of Cook County. As previously discussed, Plaintiffs are suing the individual defendants for failing to provide McDowell with constitutionally adequate medical care. In addition, Plaintiffs bring a *Monell* claim against the Municipal Defendants.

**II.     Analysis**

Federal Rule of Civil Procedure 42(b) authorizes federal courts to order a separate trial of one or more separate issues or claims if separation (or bifurcation) is warranted "[f]or convenience, to avoid prejudice, or to expedite and economize." Bifurcation may be appropriate if one or more of the Rule 42(b) criteria is met. *Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000). District courts approach bifurcation motions with a pragmatic mindset and enjoy "considerable discretion" over the decision. *Id*. at 364-65 (internal quotations omitted). Similarly, Federal Rule of Civil Procedure 26(d) permits a court to stay discovery on *Monell* claims. *See, e.g.*, *Jones v. City of Chicago*, 1999 WL 160228, at *3 (N.D. Ill. Mar. 10, 1999).

The Court has repeatedly acknowledged that "there is a growing body of precedent in this district for both granting and denying bifurcation in § 1983 cases." *Carter v. Dart*, 2011 WL 1466599, at *3 (N.D. Ill. Apr. 18, 2011) (citing cases). Indeed, recognizing that each case must be evaluated on its own merits, the undersigned judge has both granted and denied motions to bifurcate filed by municipal defendants. *Compare Carter*, 2011 WL 1466599, and *Terry v. Cook County Dep't of Corr.*, 2010 WL 2720754 (N.D. Ill. July 8, 2010) (denying motions to bifurcate), *with Cruz v. City of Chicago*, 2008 WL 5244616 (N.D. Ill. Dec. 16, 2008) (granting motion to bifurcate).

Accordingly, the Court requested that, in their briefs, the parties address whether this matter is more similar to *Carter* and *Terry*, where the Court denied motions to bifurcate, or to *Cruz* and *Demouchette v. Dart*, No. 09 C 6016, 2011 WL 679914 (N.D. Ill. Feb. 16, 2011) (Keys, J.), where the Court granted motions to bifurcate. After carefully considering the parties' arguments and the particular circumstances of this case, the Court finds the current matter analogous to *Carter* and *Terry* and distinguishable from *Cruz* and *Demouchette*.

Because the Municipal Defendants have offered to stipulate to judgment [104-4] being entered against them if Plaintiffs prove their claims against an individual defendant, Defendants liken this matter to *Cruz*. The Court in *Cruz* did indeed grant a motion to bifurcate where the defendant proposed a similar stipulation. 2008 WL 5244616, at *2 n.1. But, as Plaintiffs correctly point out, the stipulation here lacks the modifications (save one) mandated by *Cruz*. *See id.* at *3 (citing *Almaraz v. Haleas*, 602 F. Supp. 2d 920 (N.D. Ill. 2008)). Moreover, a stipulation alone is insufficient to justify bifurcation. As the Court noted in *Carter*, "a plaintiff has the right to select the claims that he wishes to pursue, and [] even if pursuing a *Monell* claim may have minimal pecuniary reward, the potential to deter future official misconduct is itself a proper object of our system of tort liability." 2011 WL 1466599, at *4.

Furthermore, *Cruz* approved the municipality's stipulation based, in part, on a finding that "[i]f    . . . Plaintiffs cannot prove that [the individual defendant] violated their constitutional rights, their *Monell* claim against the City will fail as a matter of law." 2008 WL 5244616, at *2. But in *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 305 (7th Cir. 2010), the Seventh Circuit held to the contrary that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict."

**STATEMENT**

As in *Terry*, Defendants here have not persuaded the Court that a verdict for the individual officers and against the Municipal Defendants would be inconsistent. 2010 WL 2720754, at *3. Rather, as in *Carter*, the Court concludes that the various jail policies and practices identified by Plaintiffs suggest a colorable, *independent* basis for liability against the Municipal Defendants. 2011 WL 1466599, at *4 (citing *Thomas*, 604 F.3d at 305). This finding distinguishes this matter from *Demouchette*, where the Court emphasized that "all of Plaintiff's claims against Cook County are [not] necessarily independent of those asserted against the individual defendants." 2011 WL 679914, at *4.

*Demouchette* is also distinguishable because there, the Court found that "Plaintiff provides no argument as to how the County's alleged policy . . . would be relevant to officers . . . who are not even alleged to have been present to hear his cries for help." *Id.* at *9. Here, by contrast, and as discussed in the Court's previous opinion on Defendants' motion to dismiss:

> Plaintiffs allege that Defendants became aware of McDowell's diagnosis of asthma and history of cardiac thrombosis during her initial intake and nonetheless removed her asthma inhalers from her. Plaintiffs identify the supervisory officials, correctional officers, and nurses as becoming aware of McDowell's needs as they developed during her three days in detention for two reasons. First, Plaintiffs allege that McDowell made repeated complaints of shortness of breath and chest pains. Second, Plaintiffs allege that McDowell's deteriorating condition was obvious to anyone who saw her. Despite her complaints and visibly worsening condition, Plaintiffs allege, the named supervisory officials, correctional officers, and nurse defendants did not provide McDowell with access to the medical treatment that she needed for her asthma.

[76 at 11-12.]

Based on these allegations, the policies governing the management of asthma may be relevant to many of the individual defendants. Plaintiffs purport to need further discovery on these policies "to determine whether the deviations are the fault of the individual defendants for ignoring the policy or the fault of the [Municipal Defendants] for creating an unofficial custom and practice that permitted the deviation from [the] stated policy" or both. [113 at 6.] Defendants' arguments to the contrary read more like a motion for summary judgment; at this point, Plaintiffs are not required to meet that standard. Thus, as in *Terry*, the Court finds that separating *Monell* evidence from individual liability evidence may further complicate rather than simplify the proceedings. 2010 WL 2720754, at *3. Indeed, Defendants admit that "bifurcation has led to contentious litigation in *Demouchette*." [116 at 8.]

Finally, as discussed in *Carter*, to the extent that Plaintiffs' *Monell* discovery requests are overly broad or would impose undue burden and expense, the Court can tailor them as necessary. 2011 WL 1466599, at *5. To facilitate further discovery—both *Monell* and non-*Monell*—the Court refers the case to the calendar of Magistrate Judge Ashman for all further discovery supervision and discovery motions.

### III. Conclusion

For the reasons stated above, Defendants' motion [104] to bifurcate and to stay discovery and trial as to Plaintiffs' *Monell* claims is respectfully denied. All further discovery supervision and discovery motions will be referred to a magistrate judge.